ORDER

This matter is before the Court on the Mississippi Bar’s Motion to Accept the Irrevocable Resignation of Eugene T. Holmes, and this Court, having considered the same, finds as follows:
Mr. Holmes is an inactive member in good standing with the Mississippi Bar. On October 8, 1992, the Supreme Court of Georgia accepted the voluntary surrender of Mr. Holmes’s license to practice law, which, according to the Georgia Court, is tantamount to disbarment. The Mississippi Bar did not discover the Georgia Supreme Court’s disciplinary action against Mr. Holmes until approximately July 2014. On August 28, 2014, the Mississippi Bar filed with this Court a Formal Complaint against Mr. Holmes, asserting that Mr. Holmes’s surrender of his law license in Georgia served as grounds for disciplinary action in Mississippi pursuant to Rule 13 of the Rules of Discipline for the Mississippi State Bar.
On September 10, 2014, Mr. Holmes executed a Notice of Irrevocable Resignation pursuant to Rule 10.5 of the Rules of Discipline for the Mississippi State Bar, whereby he requested permission to resign with prejudice from the Mississippi Bar. Said Notice, which complies with Rule 10.5 in all respects, was delivered to the Bar on September 17, 2014. Rule 10.5 provides that, upon receipt of such resignation, this Court “shall enter its order accepting the resignation, revoking the attorney’s license, and barring forever thereafter the attorney’s right to seek reinstatement to the privilege of practicing law in this state.” Miss. R. Disc. 10.
Having considered the above circumstances in light of Rule 10.5, this Court finds that the Mississippi Bar’s Motion to Accept the Irrevocable Resignation of Eugene T. Holmes is well-taken and shall be granted.
IT IS, THEREFORE, ORDERED, ADJUDGED, and DECREED as follows:
1. This Court hereby accepts Eugene T. Holmes’s resignation with prejudice from the Mississippi Bar, and such resignation shall be considered tantamount to proof of guilt on the matter charged;
2. This Court hereby revokes Eugene T. Holmes’s license to practice law in the State of Mississippi;
3. This Court hereby bars Eugene T. Holmes from seeking reinstatement to the privilege of practicing law in the State of Mississippi in the future;
4. The Clerk of this Court shall forward an attested copy of this order to Eugene T. Holmes and the Executive Director of the Mississippi Bar;
5. Eugene T. Holmes shall, within thirty days following entry of this order, notify clients and affected courts, if any, of his resignation from the Mississippi Bar, properly disburse all funds he may hold in trust, and comply with all other requirements applicable under Rule 11 of the Mississippi Rules of Discipline;
6. Eugene T. Holmes shall, within forty-five days following entry of this order, file an affidavit with this Court stating that all of his clients have been notified of his resignation from the Mississippi Bar and his consequent inability to practice law in Mississippi, and that he has fully complied with all applicable requirements set forth in Rule 11 of the *265 Mississippi Rules of Discipline, as well as the requirements of this order;
7. Failure to comply with this order may be punished as a contempt and may constitute a separate ground for disciplinary action;
8. The Clerk of the Supreme Court of Mississippi shall immediately forward an attested copy of this order to the Clerks of the United States District Courts for the Northern and Southern Districts of Mississippi, the Clerk of the United States Court of Appeals for the Fifth Circuit, and the Clerk of the Supreme Court of the United States; and
9. Costs of the formal complaint shall be, and are hereby, assessed to Eugene T. Holmes.
SO ORDERED.
/s/ William L. Waller, Jr. WILIAM L. WALLER, JR., CHIEF JUSTICE